J-A28012-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| BRYNELL IVY | |
| Appellee | No. 2987 EDA 2013 |

Appeal from the Order Entered September 30, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001992-2012

BEFORE:  GANTMAN, P.J., PANELLA, J., and SHOGAN, J.

MEMORANDUM BY GANTMAN, P.J.:          **FILED DECEMBER 14, 2015**

Appellant, the Commonwealth of Pennsylvania, appeals from the order entered in the Philadelphia County Court of Common Pleas, which granted Appellee, Brynell Ivy's, motion to suppress.  We reverse and remand for further proceedings.

The relevant facts and procedural history of this case are as follows. On September 21, 2011, at 11:50 p.m., Philadelphia Police Officers Joseph Weihe ("Officer Weihe") and Cyrus Mann ("Officer Mann") were on routine patrol in a high crime area when they observed a white Buick disregard a stop sign in Philadelphia.  The officers activated their lights and siren. Appellee, who was operating the white Buick, pulled over the vehicle.  The officers approached the vehicle and observed Appellee reach with both hands toward the center console and make "multiple movements" in that area.

The windows were open, and Officer Weihe requested approximately three or four times that Appellee place his hands on the steering wheel. Appellee ignored these requests and continued moving his hands in the area of the center console. Following Officer Weihe's fourth request, Appellee stuck his hands out the window.

At the suppression hearing, Officer Weihe testified that he believed Appellee was armed based on Officer Weihe's observations and experience. Officer Weihe removed Appellee from the vehicle for the officers' safety and conducted a pat down but found no weapons or contraband on Appellee's person. Believing there could be a firearm present in the center console, Officer Weihe directed Officer Mann to search the console. Underneath the armrest, Officer Mann found a surgical glove stuffed with sixty-nine small, green-tinted baggies, which all contained a white chunky substance. The baggies were later tested and found to contain cocaine. Officers Weihe and Mann arrested Appellee and issued him a traffic ticket for disregarding a stop sign. Appellee was subsequently charged with possession with intent to distribute and simple possession.

On March 18, 2013, Appellee filed an omnibus pretrial motion to suppress the narcotics found in his vehicle. Specifically, Appellee argued the officers lacked reasonable suspicion or probable cause to believe Appellee had violated the Motor Vehicle Code and to support a warrantless search of his vehicle. The court held a suppression hearing on September 26, 2013.

On September 30, 2013, the court dismissed Appellee's claim regarding the Motor Vehicle Code violation but granted suppression as to the search of Appellee's vehicle because the court determined the officers' observations did not reasonably indicate criminal activity was afoot. On October 29, 2013, the Commonwealth timely filed a notice of appeal[1] and a voluntary concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).[2]

The Commonwealth raises the following issue for our review:

> DID THE [TRIAL] COURT ERR IN SUPPRESSING EVIDENCE ON THE GROUND THAT AN EXPERIENCED POLICE OFFICER LACKED A REASONABLE BELIEF THAT HE WAS IN DANGER, WHERE THE OFFICER WAS ENGAGED IN A TRAFFIC STOP, LATE AT NIGHT, IN AN AREA HE KNEW HAD A HIGH INCIDENCE OF CRIME, [APPELLEE] DISREGARDED REPEATED INSTRUCTIONS TO PUT HIS HANDS ON THE STEERING WHEEL, AND HE INSTEAD REACHED TOWARD THE CENTER CONSOLE AND MOVED HIS HANDS IN THAT AREA FOR AT LEAST THIRTY SECONDS?

(Commonwealth's Brief at 4).

---

[1] The Commonwealth's notice of appeal certifies that the court's order granting Appellee's motion to suppress terminates or substantially handicaps the prosecution. *See* Pa.R.A.P. 311(d); ***Commonwealth v. Huntington***, 924 A.2d 1252, 1254 n.1 (Pa.Super 2007) (stating: "The Commonwealth may take an appeal as of right from an order that does not end the entire case if the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution").

[2] On May 8, 2014, the court ordered the Commonwealth to file a Rule 1925(b) statement, and the Commonwealth timely refiled its prior statement on May 15, 2014.

The Commonwealth argues Appellee's motion to suppress should have been denied. Specifically, the Commonwealth contends Officer Weihe properly stopped Appellee for driving through a stop sign and properly searched his vehicle. The Commonwealth states Officer Weihe, who had five years' experience conducting numerous traffic stops, had a reasonable basis to be concerned for the officers' safety. The Commonwealth asserts Officers Weihe and Mann stopped Appellee late at night in an area Officer Weihe knew had a high incidence of crime. The Commonwealth alleges that, during the stop, Officer Weihe saw Appellee reach toward the center console of his car for approximately thirty seconds, despite Officer Weihe's repeated requests for Appellee to place his hands on the wheel. The Commonwealth claims that, under the totality of the circumstances, Officer Weihe reasonably believed Appellee might be armed and properly directed Officer Mann to undertake the protective sweep of Appellee's vehicle. The Commonwealth avers the suppression court improperly applied **Commonwealth v. Cartagena**, 63 A.3d 294 (Pa.Super. 2013), when the court found the search was improper. The Commonwealth contends the factors typically involved in a permissible search existed in the search of Appellee's vehicle, unlike **Cartagena**. The Commonwealth maintains Officers Weihe and Mann possessed reasonable grounds to be concerned for their safety. The Commonwealth concludes we should reverse the suppression court's order and remand for further proceedings. We agree.

When the Commonwealth appeals from a suppression order, the relevant scope and standard of review are:

> [We] consider only the evidence from the defendant's witnesses together with the evidence of the prosecution that, when read in the context of the entire record, remains uncontradicted. As long as there is some evidence to support them, we are bound by the suppression court's findings of fact. Most importantly, we are not at liberty to reject a finding of fact which is based on credibility.
>
> The suppression court's conclusions of law, however, are not binding on an appellate court, whose duty is to determine if the suppression court properly applied the law to the facts.

***Commonwealth v. Goldsborough***, 31 A.3d 299, 305 (Pa.Super. 2011), *appeal denied*, 616 Pa. 651, 49 A.3d 442 (2012) (internal citations and quotation marks omitted).

Section 6308 of the Motor Vehicle Code provides:

**§ 6308. Investigation by police officers**

**(b) Authority of police officer.**—Whenever a police officer is engaged in a systematic program of checking vehicles or drivers or has **reasonable suspicion** that a violation of this title is occurring or has occurred, he may stop a vehicle, upon request or signal, for the purpose of checking the vehicle's registration, proof of financial responsibility, vehicle identification number or engine number or the driver's license, or to secure such other information as the officer may reasonably believe to be necessary to enforce the provisions of this title.

75 Pa.C.S.A. § 6308(b) (emphasis added). If an objective view of the facts indicates an officer had specific, articulable facts that a traffic violation occurred, the law deems the stop reasonable. ***Commonwealth v. Chase***,

599 Pa. 80, 92, 960 A.2d 108, 114 (2008).

"[W]hen a police officer lawfully stops a motorist for a violation of the Pennsylvania Motor Vehicle Code, the officer is permitted to ask the driver to step out of the vehicle 'as a matter of right.'" *Commonwealth v. Boyd*, 17 A.3d 1274, 1277 (Pa.Super. 2011) (citation and internal quotation marks omitted). Due to the inherent risks where an officer confronts a suspect, an officer may conduct a protective search of a lawfully stopped suspect if there are reasonable grounds to believe the suspect may be armed and dangerous. *Terry v. Ohio*, 392 U.S. 1, 30, 88 S.Ct. 1868, 1884, 20 L.Ed.2d 889 (1968). In light of these risks, a police officer may also conduct a protective search of a lawfully stopped vehicle if he has an objectively reasonable belief "the suspect is dangerous and the suspect may gain immediate control of weapons." *Michigan v. Long*, 463 U.S. 1032, 1033, 103 S.Ct. 3469, 3472, 77 L.Ed.2d 1201 (1983).

In evaluating whether an officer was justified in conducting a protective search of a vehicle, courts take into account several factors, which include whether the officer had training or experience in conducting traffic stops, whether the officer believed, based on his training and experience, that the offender possessed or had access to a weapon in the car, whether the neighborhood in which the stop occurred was a high-crime area, whether there was some length of delay in responding to the officer's repeated requests, and whether the offender had made movements that caused the

officer to believe the offender was in possession of a weapon or posed a safety threat. **Cartagena, supra** at 303, 306. Pennsylvania courts have found protective searches of a vehicle were proper, where officers conducted a stop pursuant to a motor vehicle violation amid a combination of these factors. **See Commonwealth v. Simmons**, 17 A.3d 399 (Pa.Super. 2011) (holding protective search proper where officer stopped appellee for motor vehicle violation, in high crime area, and observed appellee reach down toward floor of vehicle in manner officer believed was consistent with hiding weapon); **In Interest of O.J.**, 958 A.2d 561, 566 (Pa.Super. 2008) (stating movement over console supported protective search of vehicle because it "indicated that [defendant] may have been hiding a weapon in that location"); **Commonwealth v. Murray**, 936 A.2d 76 (Pa.Super. 2007) (determining protective search of vehicle was proper where officers stopped appellant for motor vehicle violation, in high crime area, and officers saw "excessive movement" inside car).

Instantly, Officer Weihe saw Appellee disregard a stop sign and lawfully conducted a traffic stop for violation of the Motor Vehicle Code. **See** 75 Pa.C.S.A. § 6308(b). After Appellee stopped his vehicle, the officers approached; Officer Weihe observed Appellee making multiple hand movements toward the center console of the vehicle. Officer Weihe requested approximately three or four times that Appellee place his hands on the steering wheel, but Appellee ignored the requests and continued to

move his hands near the center console. Following a fourth request, Appellee placed his hands outside of the vehicle's window. Thereafter, Officer Weihe instructed Officer Mann to conduct a protective search of the center console of Appellee's vehicle. Based on the circumstances and his experience, Officer Weihe reasonably believed Appellee was armed and the officers were in danger. *See Terry, supra*; *Michigan, supra*. Officer Weihe had five years' experience in conducting traffic stops, knew the area had a high crime rate. Officer Weihe saw Appellee make multiple hand movements towards the center console of the vehicle. Furthermore, Appellee's failure to comply with Officer Weihe's multiple requests for Appellee to place his hands on the steering wheel supports Officer Weihe's reasonable belief that Appellee might have been armed. *See id.*

Based on the totality of these circumstances, the protective search of Appellee's vehicle was proper; and the court erred in granting Appellee's suppression motion.[3] *See Goldsborough, supra*. Thus, we now reverse

_____

[3] We reject Appellee's argument that the drugs found in the surgical glove in the center console of Appellee's vehicle were not in plain view and, therefore, Officer Mann lacked reasonable suspicion to search the glove. To the contrary, Appellee failed to raise this argument in his motion to suppress or expressly raise it during the suppression hearing. Rather, Appellee raised this claim for the first time on appeal. Moreover, at the suppression hearing, the Commonwealth argued the sixty-nine green-tinted baggies were visible through the surgical glove; and their contraband nature was readily apparent to Officer Mann. Officers Weihe and Mann had lawful access to Appellee's vehicle and to the center console. Officer Mann's recovery of the drugs visible through the surgical glove recovered from the console was also
*(Footnote Continued Next Page)*

- 8 -

the court's order granting Appellee's suppression motion and remand for further proceedings.

Order reversed; case remanded for further proceedings. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/14/2015

*(Footnote Continued)* ――――――――

lawful under the plain view doctrine. This evidence should not have been suppressed. **See, e.g., Commonwealth v. O.J.**, 958 A.2d 561 (Pa.Super. 2008) (*en banc*), *appeal denied*, 605 Pa. 688, 989 A.2d 918 (2010) (holding warrantless protective search for concealed weapons in vehicle console, conducted after lawful vehicle stop, was justified under totality of case circumstances, and drugs recovered in area searched should not have been suppressed); **Commonwealth v. Tuggles**, 58 A.3d 840 (Pa.Super. 2012), *appeal denied*, 620 Pa. 722, 69 A.3d 602 (2013) (holding protective weapons sweep of car interior was justified under totality of case circumstances; center console is area where weapons are frequently hidden; drugs and currency recovered from console should not have been suppressed).